# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>v.<br><br>JOSEPH NGUYEN,<br><br>                             Defendant. | Case No. 13cr3447-MMA<br>*Related Case No. 19cv2300-MMA*<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Doc. No. 208] |

On September 18, 2013, Defendant Joseph Nguyen was charged with one count of distributing images of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2), and three counts of possessing matters containing images of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). *See* Doc. No. 20. On July 8, 2015, the government filed a superseding indictment, charging Defendant with only one count of distributing child pornography and one count of possessing child pornography. *See* Doc. No. 69 at 1-2. Upon the government's motion, the Court dismissed the distribution charge before trial. *See* Doc. No. 105. On May 17, 2016, a jury returned a guilty verdict on the possession charge. *See* Doc. No. 140. The Court sentenced Defendant to forty-six months' imprisonment and five years of supervised release. *See* Doc. No. 188. Defendant appealed his conviction to the Ninth

Circuit. *See* Doc. No. 177. The Ninth Circuit affirmed the judgment. *See* Doc. No. 203.

Defendant now collaterally challenges his conviction and sentence pursuant to 28 U.S.C. § 2255. Defendant moves to vacate the judgment against him based on ineffective assistance of trial counsel. *See* Doc. No. 208. The government filed a response in opposition to the motion, to which Defendant replied. *See* Doc. Nos. 214, 216. For the reasons set forth below, the Court **DENIES** Defendant's motion.

## BACKGROUND

During an undercover investigation aimed at identifying persons using the Gnutella peer-to-peer file sharing network to traffic in child pornography, a Homeland Security agent connected to a computer and downloaded one video containing child pornography. *See* Doc. 46-2 at 3, 7.[1] The video was used to obtain a search warrant for Defendant's residence. *See* Doc. No. 46-2. In executing the search warrant, the government seized computers and hard drives from a bedroom identified as Defendant's. *See* Doc. No. 22 at 3. The material seized from Defendant's room was later determined to contain child pornography. *See id.* at 3. Defendant was charged for both the distribution and possession of child pornography. *See* Doc. No. 20. The distribution charge was based on the government's initial download of the video from the peer-to-peer file sharing network, Gnutella. *See id.* at 1. The possession charge was based on materials found on the computers and hard drives seized from Defendant's residence. *See id.* at 2-3.

Defendant has been represented by multiple attorneys throughout the course of these proceedings. *See* Doc. No. 208 at 17, 18. At issue is the effectiveness of the representation provided by Defendant's first counsel, who Defendant discharged from service prior to trial. *See* Doc. No. 80. During the time in which she represented Defendant, counsel filed a variety of motions on Defendant's behalf, including two broad discovery motions. *See* Doc. Nos. 13, 35. Counsel also filed a motion to suppress evidence. *See* Doc. No. 46. Defendant argued that the search warrant was stale because

---

[1] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

of a three-month delay between the government's initial download of child pornography and the government's attempt to seek a search warrant for Defendant's residence. *See* Doc. No. 46-1 at 8-10. Further, Defendant argued that the government lacked probable cause to connect the child pornography to Defendant's specific residence. *See id.* at 6-8. Defense counsel retained a computer forensics expert, who opined that "simply because data travelled through an Internet connection as a specific physical address on one date, it is not reasonable to expect that the data still is at the address months later." *See* Libby Affidavit ¶ 9, Doc. No. 46-3 at 2.

Ultimately, the Court denied Defendant's motion to suppress. *See* Doc. No. 47. Over a year later, Defendant retained new counsel. *See* Doc. No. 80. New counsel eventually sought additional discovery regarding the software used by the government during its investigation and retrieval of child pornography from Defendant's computer. *See* Doc. No. 106. The Court denied the motion, the case proceeded to trial, and a jury convicted Defendant of possessing child pornography. *See* Doc. No. 140.

### DISCUSSION

Defendant collaterally challenges his conviction, arguing that he was unconstitutionally deprived of effective assistance of trial counsel resulting in prejudice. Defendant claims his first attorney did not sufficiently investigate the software that the government used during its investigation to download the video from Defendant's computer containing child pornography. As discussed below, Defendant contends this information could have been critically significant to the success of his suppression motion. Defendant argues that suppression of the evidence recovered at his residence and from his electronic devices likely would have resulted in dismissal of the charges against him.

1. ***Legal Standard***

Section 2255 provides a prisoner in federal custody under sentence of a federal court the right to move the court which imposed the sentence to vacate, set aside, or correct the sentence upon several grounds, including ineffective assistance of counsel.

*See* 28 U.S.C. § 2255; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Ineffective assistance of counsel requires a showing "that counsel's assistance was not within the range of competence demanded of counsel in criminal cases." *Lambert v. Blodgett*, 393 F.3d 943, 979-80 (9th Cir. 2004). Additionally, a defendant moving for relief under § 2255 on this ground must show "not only proof of deficient performance, but also resulting prejudice." *United States v. Fabian-Baltazar*, 931 F.3d 1216, 1217 (9th Cir. 2019) (citing *Strickland*, 466 U.S. at 687-88). To show prejudice, a prisoner "must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Rodriguez-Vega*, 797 F.3d 781, 788 (9th Cir. 2015) (quoting *Strickland*, 466 U.S. at 694). The court may address *Strickland*'s prongs in any order. *Strickland*, 466 U.S. at 697. As a practical matter, "[t]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

*Strickland* claims may require an evidentiary hearing to determine whether the defendant is entitled to relief. *See* 28 U.S.C. § 2255. However, the Court is not required to hold an evidentiary hearing when the issues can be conclusively decided on the existing record. *See id.*; *see also United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citing *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980)). Conclusory allegations, unsupported by specific facts, are subject to dismissal without an evidentiary hearing, as are contentions that in the face of the record are wholly incredible. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *Shah v. United States,* 878 F.2d 1156, 1161 (9th Cir. 1989). As discussed below, "nothing in the record or in the matters contained in the § 2255 motion indicates that defense counsel's actions . . . were outside the wide range of professionally competent assistance," therefore an evidentiary hearing is not warranted. *See Schaflander*, 743 F.2d at 718 (internal citations omitted).

//

## 2. *Ineffective Assistance of Counsel*

As an initial matter, the United States argues that the Ninth Circuit's prior ruling is dispositive as to the issues raised by Defendant collaterally. *See* Doc. 214 at 5. Defendant directly challenged his conviction on four grounds: (1) error based on the denial of his request for discovery as to the software used by the government during its investigation; (2) error based on the denial of his motion to suppress; (3) error based on allowing the government to publish explicit images without first examining them outside of the jury's presence; and (4) error based on the Court's failure to give an alibi instruction and a dual-purpose instruction to the jury. *Id.* at 766-67.

Defendant argues that his ineffective assistance of counsel claim is distinct from the claims previously raised on direct appeal and as such, he is entitled to have his ineffective assistance of counsel claim decided on the merits by the Court. *See* Doc. No. 216 at 2-3. Defendant is correct. *See Molina v. Rison*, 886 F.2d 1124, 1130 (9th Cir. 1989); *Schaflander*, 743 F.2d at 717. Although Defendant's *Strickland* claim partly sounds in Defendant's Fourth Amendment rights, a *Strickland* claim is distinct from the claims previously decided by the Ninth Circuit on direct appeal. *See Molina*, 886 F.2d at 1130. Those claims alleged error by the Court, not trial counsel. Defendant did not raise a *Strickland* claim on direct appeal. *See United States v. Nguyen*, 743 Fed. App'x 764 (9th Cir. 2018). Accordingly, the Court considers Defendant's claim on its merits.

The gravamen of Defendant's claim is that his first trial counsel was constitutionally ineffective because she failed to specifically request discovery on software that the government used to investigate Defendant's online file-sharing activities. *See* Doc. No. 208 at 29, 30. Defendant argues that counsel should have moved to compel production of the information under Federal Rule of Criminal Procedure 16, or alternatively subpoenaed the information under Rule 17. Defendant asserts counsel's failure to even attempt to obtain the information precluded a viable suppression claim

under *Kyllo v. United States*, 533 U.S. 27 (2001),[2] and in turn, outright dismissal of the case.[3] *See* Doc. No. 208 at 23-24, 35, 39. Defendant contends that there is "no logical reason why counsel would not investigate the software given its central role in the case." *Id.* at 24.

### a. Relevant Law

Counsel has a duty to conduct reasonable investigations or to make a reasonable decision that investigation is unnecessary. *See Strickland*, 466 U.S. at 691. A decision not to investigate must be assessed for reasonableness under the circumstances at the time, applying a "heavy measure of deference to counsel's judgments." *Wiggins v. Smith*, 539 U.S. 510, 521-22 (2003) (quoting *Strickland*, 466 U.S. at 690-91). "The relevant inquiry under *Strickland* is not what defense counsel *could* have pursued, but rather whether the choices made by defense counsel were *reasonable*." *Siripongs v. Calderon*, 133 F.3d 732, 736 (9th Cir. 1988) (emphasis added). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . ." *Campbell v. Wood*, 18 F.3d 662, 673 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689). To prevail on a *Strickland* claim, a defendant must identify "material, specific errors and omissions that fall outside the wide range of professionally competent assistance." *See United States v. Flores-Acuna*, 2014 U.S. Dist. LEXIS 123587, at *12 (S.D. Cal. Sept. 2, 2014) (citing *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991)).

//

---

[2] Defendant claims that with the software information, he could have shown that the government accessed a non-publicly available folder on his computer in the initial download of the video which formed the basis of the search warrant. *See* Doc. No. 208 at 36. Such an intrusion, Defendant argues, constitutes an unconstitutional warrantless search of the home under *Kyllo*. *See id.* Thus, Defendant claims that information about the software would have resulted in the suppression of not only the initial video download, but all evidence obtained during the execution of the search warrant, leaving the government without sufficient evidence to prosecute. *See id.* at 37-38.

[3] Alternatively, Defendant argues that the government might simply have dismissed Defendant's case to avoid court-ordered disclosure. *See id.* at 39.

6

**b. Analysis**

Defendant argues that trial counsel performed ineffectively by failing to seek discovery on the software used by the investigating agent pursuant to Rule 16. *See* Doc. No. 208 at 23-24, 32-33. In support of this argument, Defendant notes that other courts have granted similar discovery requests made by defendants in child pornography cases. *See* Doc. Nos. 208 at 32-33, 216 at 8-9.

Under Rule 16, the government "must permit the defendant to inspect and to copy . . . documents, data, photographs, [and] tangible objects . . . *if the item is within the government's possession, custody, or control* and [ ] the item is material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i) (emphasis added). Evidence is "material" when that evidence "is helpful to the development of a possible defense." *United States v. Budziak*, 697 F.3d 1105, 1111 (9th Cir. 2012) (referred to *infra* as "*Budziak*"). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.* at 1111 (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)).

Here, Defendant's second trial counsel—whose competence is not being challenged in this motion—acknowledged that a third-party maintained control over the software used to investigate Defendant's online file-sharing activities. *See* Doc. 111 at 7-8 (". . . it's the third party that maintains control over [the software]"). Thus, a motion under Rule 16 may not have reached the software because the government did not control the software. *See* Fed. R. Crim. P. 16(a)(1)(E)(i). Given that "[a]n attorney need not pursue an investigation that would be fruitless . . . ." *Harrington v. Richter*, 562 U.S. 86, 108 (2011) (citing *Strickland*, 466 U.S. at 691), Defendant's first trial counsel did not behave unreasonably by electing not to seek discovery on the software.

Moreover, even assuming the software was within the control of the government, and thus theoretically accessible through a successful Rule 16 motion, Defendant overstates the likelihood that the Court would have granted such a motion. Although

Defendant argues that disclosure of the software would have been mandatory under *Budziak*, Doc. No. 216 at 5, *Budziak* is distinguishable from the instant case. *See, e.g.*, *United States v. Arumugam*, 2020 U.S. Dist. LEXIS 33831, at *7-11 (W.D. Wash. Feb. 27, 2020); *United States v. Alva*, 2017 U.S. Dist. LEXIS 214853, at *11-13 (Nev. Dec. 15, 2017); *United States v. Blouin*, 2017 U.S. Dist. LEXIS 91604, at *7-9 (W.D. Wash. June 14, 2017). In *Budziak*, the trial court denied a defendant's request for discovery on software the government had used to investigate that defendant's online file-sharing activities. *See Budziak*, 697 F.3d at 1107, 1111. The defendant was later convicted for the distribution and possession of child pornography. *See id.* at 1108. On appeal, the Ninth Circuit remanded the case to the district court to determine whether withholding of the software information prejudiced the defendant. *See id.* at 1113. The circuit court heavily relied on the defendant's presentation of multiple pieces of evidence, including evidence "suggesting that the [government] may have only downloaded fragments of child pornography files from [the defendant's] 'incomplete' folder, making it 'more likely' that [the defendant] did not knowingly distribute any complete child pornography files . . . ." and "evidence suggesting that the [government] agents could have used the [ ] software to override [the defendant's file] sharing settings. *See id.* at 1112.

     In contrast, as the only factual support for his claim that the government accessed non-publicly available information, Defendant points to the government's statement in its answering brief to the Ninth Circuit: "[Defendant's] laptop was set to access the home wi-fi network in a way that prevents *other people in the house* from accessing his computer remotely." *See* Doc. No. 208 at 33 (emphasis added). However, the laptop's configuration (and the government's recognition thereof) does not speak to the accessibility of the computer from *outside* the house, or to the accessibility of individual files that were specifically shared on a peer-to-peer network. And Defendant offers little else beyond speculation that the government *may* have been able to access non-publicly available information on his computer using the software at issue. Tangential facts and speculation are not enough to compel disclosure under Rule 16. *See Budziak*, 697 F.3d at

8

1111. Consequently, Defendant's initial trial counsel did not act unreasonably because she failed to specifically request production of the information.

In the alternative, Defendant argues that trial counsel should have attempted to subpoena information about the software pursuant to Rule 17. Doc. No. 208 at 23-24, 33-35. A party seeking a third-party subpoena under Rule 17(c) must establish: (1) relevancy; (2) admissibility; and (3) specificity. *United States v. Ramos*, 2014 U.S. Dist. LEXIS 131778, at *8 (C.D. Cal. Sept. 17, 2014) (citing *United States v. Nixon*, 418 U.S. 683, 697-98 (1974) (superseded by statute on other grounds)). "Because Rule 17(c) was not intended to provide a means of discovery for criminal cases, the subpoena must not constitute a general fishing expedition." *Ramos*, 2014 U.S. Dist. LEXIS 131778, at *8 (citing *Nixon*, 418 U.S. at 697-98) (internal quotations omitted). Enforcement of a subpoena *duces tecum* is left to the discretion of the district court. *See Nixon*, 418 U.S. at 703.

Defendant argues that a Rule 17 motion could have served as a successful vehicle to obtain a third party's information about the software. Defendant primarily relies on a single case, *United States v. Ocasio*. *See* Doc. No. 208 at 34-35 (citing *United States v. Ocasio*, No. EP-11-CR-2728-KC (W.D. Tex.)). In *Ocasio*, the defendant was charged with receiving, possessing, and distributing child pornography. *See Ocasio*, No. 11-CR-2728-KC, ECF No. 9. The court granted a Rule 17 motion for a third-party subpoena regarding the software used to investigate the defendant's file-sharing activities. *See Ocasio*, No. 11-CR-2728-KC, Doc. No. 150.

As an out-of-circuit district court case, *Ocasio* is of not binding on this Court. Likewise, the Court need not consider the ruling persuasive. In any event, *Ocasio* is distinguishable from this case. In *Ocasio*, the defendant had presented specific evidence suggesting that the government conducted an impermissible search of the defendant's hard drive: "After conducting the forensic examination in [the defendant's] case, none of the files identified by law enforcement's [ ] software were found on [the defendant's]

computer during the undercover investigation."[4] *See United States v. Ocasio*, 2013 U.S. Dist. LEXIS 79313, at *10-13 (W.D. Tex. 2013). There are no such facts here.

Moreover, a wider survey of the case law and a thorough review of the record in this action provide little support for Defendant's claim that counsel performed deficiently by failing to seek a third-party subpoena. Defendant points only to two non-binding cases that had been decided at the time that addressed the use of a Rule 17 motion in similar factual circumstances. *See* Doc. No. 216 at 13 (citing *United States v. Ocasio*, EP-11-CR-2728-KC (W.D. Tex.); *United States v. Shia*, 15-CR-00257-VC (N.D. Cal.)). Further, as noted above, Defendant has not offered any specific, non-speculative facts to support his argument that the government accessed non-publicly available information on his computer. Under these circumstances, it was not unreasonable for counsel to forego filing a Rule 17 motion to seek information about the software. *See Shah v. United States*, 878 F.2d 1156, 1162 (1989) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.").

Even assuming Defendant might have prevailed on a motion under Rule 16 or 17 for information related to the software, counsel's representation was not constitutionally deficient. *See Strickland*, 466 U.S. at 699 (finding trial counsel's representation competent although counsel's chosen defense ultimately proved unsuccessful). In arguing that counsel's pretrial investigation was deficient, Defendant heavily relies on *Kimmelman v. Morrison*. Doc. 208 at 26-28 (citing *Kimmelman v. Morrison*, 477 U.S. 365, 372 (1986) (superseded by statute on other grounds)). However, *Kimmelman* is readily distinguishable from this case. In *Kimmelman*, the Court found an attorney's performance constitutionally deficient where the attorney conducted no pretrial discovery whatsoever. *Id.* at 385. In finding the attorney's performance deficient, the Court

---

[4] The Court notes that in *Ocasio*, the court ultimately rejected the defendant's Fourth Amendment violation claim, reasoning that the defendant had "failed to show that the [ ] software searched any private files on [the defendant's] computer. *See United States v. Ocasio*, 2013 U.S. Dist. LEXIS 203523, at *10-11 (W.D. Tex. June 16, 2013).

10

emphasized that the attorney's decision was not based on strategy, but rather was based on "counsel's mistaken beliefs that the State was obliged to take the initiative and turn over all of its inculpatory evidence to the defense." *Id.*

In contrast, the record shows that Defendant's initial trial counsel conducted a reasonable pretrial investigation. For example, counsel made two discovery requests, which triggered the government's Rule 16 disclosure obligations. *See* Fed. R. Crim. P. 16; Doc. Nos. 13, 35. Counsel's response to the government's motions in limine further illustrates that counsel conducted a pretrial investigation into cases involving child pornography.[5] *See* Doc. No. 71. Unlike the attorney in *Kimmelman*, who based his decisions on an incorrect understanding of the government's disclosure obligations, nothing in the record suggests that counsel based her defense strategy on a mistaken understanding of the law. As noted above, counsel filed a motion to suppress the evidence against her client. *See* Doc. No. 46. In support of that motion, counsel retained and consulted a computer forensics expert. *See* Libby Affidavit, Doc. No. 46-3; Doc. No. 46-1 at 4. To examine the evidence, Defendant's expert met with the Homeland Security agent who downloaded the video that formed the basis of the search warrant. *See* Doc. No. 34 at 2.

Additionally, nothing in the text of the search warrant or corresponding affidavit suggests that the government accessed a non-publicly available folder on Defendant's computer. *See* Doc. No. 46-2. On the contrary, the agent's affidavit in support of the search warrant states that the video was obtained from a computer operating on a peer-to-peer file sharing network. *See* Doc. 46-2 at 7 (". . . I successfully downloaded a child pornography file from a computer with assigned IP address 66.91.246.27 and operating on the Gnutella network."). Further, the prosecutorial team repeatedly suggested that the evidence was obtained using publicly available software. *See, e.g.*, Doc. No. 22 at 2 ("[a

---

[5] Defendant discharged his first attorney from service on the eve of trial. The Court vacated the trial date and granted the defense's request for a continuance to allow newly retained counsel the time to adequately prepare.

Homeland Security agent] identified an IP in the Southern District of California that was offering to share child pornography on the Gnutella file-sharing network. He downloaded a video file from that IP address . . . .); Doc. No. 46-2 at 5 ("By comparing [ ] SHA 1 digital signatures [from entering search terms in the Gnutella software] with signatures of known files, law enforcement agents could determine which offered files contained child pornography. Law enforcement agents could then use *publicly available software* to request a list of Internet networked computers that are reported to have the same files for trade . . . .") (emphasis added). Undoubtedly, defense counsel had an independent duty to investigate and could not simply rely on the assertions and investigation of the prosecutorial team. *See Strickland*, 466 U.S. at 691. Here, however, counsel's decision not to further investigate the government's use of the software, when viewed in the full context of counsel's other decisions—including the filing of a motion to suppress on other plausible grounds—was reasonable. *See id.* at 689.

In sum, Defendant has failed to show that the performance of his initial trial counsel was constitutionally deficient.[6] Accordingly, his claim fails.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A defendant must obtain a certificate of appealability before pursuing any appeal from a final order in a Section 2255 proceeding. *See* 28 U.S.C. § 2253(c)(1)(B). When the denial of a Section 2255 motion is based on the merits of the claims in the motion, a district court should issue a certificate of appealability only when the appeal presents a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The defendant must

---

[6] As noted above, when a defendant fails to make a sufficient showing under one of *Strickland*'s prongs, the Court need not decide the other prong. *See Strickland*, 466 U.S. at 697. Because Defendant has failed to show that counsel performed deficiently, the Court need not reach the issue of prejudice. *See id.*

show that reasonable jurists could debate whether the issues should have been resolved differently or are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983), superseded on other grounds by 28 U.S.C. § 2253(c)(2)); *see also Mendez v. Knowles*, 556 F.3d 757, 771 (9th Cir. 2009).

The Court has carefully reviewed Defendant's 2255 motion and considered the whole record. Because Defendant has not made a substantial showing of the denial of a constitutional right, and because the Court finds that reasonable jurists would not debate the denial of Defendant's motion, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's § 2255 motion and **DECLINES** to issue a certificate of appealability. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly in the related civil case and terminate that action.

**IT IS SO ORDERED.**

DATED: April 9, 2020

HON. MICHAEL M. ANELLO
United States District Judge